O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-1096 AHM (DTBx) | Date | August 2, 2010 |
|---|---|---|---|
| Title | DEUTSCHE BANK NATIONAL TRUST COMPANY v. SERGIO G. ROSINSKI | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:** IN CHAMBERS (No Proceedings Held)

On April 14, 2010, Plaintiff Deutsche Bank National Trust Company filed this unlawful detainer action in San Bernardino County Superior Court. On July 26, 2010 Defendant Sergio G. Rosinski removed this action on the basis of federal question jurisdiction under 28 U.S.C. § 1441. Though the state court Complaint contains only a single cause of action for unlawful detainer, Defendant attempts to plead additional causes of action, including violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.*, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, in his Notice of Removal ("NOR").

A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Sys., Inc.,* 80 F.3d 339 (9th Cir. 1996). The removal statute is strictly construed against removal and the burden of establishing jurisdiction in the federal forum rests on the party invoking the statute — here, Defendant. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988); *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). A removing defendant must set forth "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Federal jurisdiction seems to be lacking for several reasons.

First, removal appears to be untimely. A "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . or within thirty days after the service of the summons . . . ." 28 U.S.C. § 1446(b). Defendant does not specify when he was served with the Complaint, but the date stamp on the Complaint indicates that it was filed on April 14, 2010—well over thirty days before removal.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1096 AHM (DTBx) | Date | August 2, 2010 |
|---|---|---|---|
| Title | DEUTSCHE BANK NATIONAL TRUST COMPANY v. SERGIO G. ROSINSKI | | |

Second, there does not appear to be any basis for federal subject matter jurisdiction. A federal court has jurisdiction over claims "arising under" federal law. 28 U.S.C. § 1331. The federal question must be clear from the well-pleaded complaint; a responsive pleading such as a counterclaim, cross-claim, or third-party claim cannot form the basis for federal question jurisdiction. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826 (2002); *see also* William Schwarzer et al., *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* §§ 2:697, 2:704.5 (2009). The single cause of action for unlawful detainer in the Complaint does not arise under federal law.

Accordingly, Defendant is ORDERED TO SHOW CAUSE in writing by not later than **August 12, 2010** why this action should not be remanded for lack of removal jurisdiction. Failure to respond on or before that date will be construed as consent to remand.

| | : | |
|---|---|---|
| Initials of Preparer | | SMO |